**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Matthew Fodness,

Plaintiff,

v.

U.S. Steel Corporation,

Defendant.

Case No. 21-cv-928 (MJD/LIB)

**REPORT AND RECOMMENDATION**

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Matthew Fodness' Application to Proceed in District Court Without Prepaying Fees or Costs (hereinafter "IFP Application"). [Docket No. 2].

For the reasons discussed herein, the undersigned recommends that this matter be **DISMISSED without prejudice**, and it is further recommended that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED as moot**.

Plaintiff Matthew Plaintiff did not pay the filing fee for this matter; instead, he applied for in forma pauperis ("IFP") status. (See, IFP Application [Docket No. 2]). That IFP Application is now before the Court, and it must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court concludes that Plaintiff qualifies financially for IFP status. That said, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.

Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff alleges that he was wrongfully terminated from his employment with Defendant U.S Steel Corporation ("U.S. Steel"). Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964, see, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

"Title VII of the Civil Rights Act of 1964 protects employees and applicants for employment from discrimination on the basis of race, color, religion, sex, or national origin." Brower v. Runyon, 178 F.3d 1002, 1005 (8th Cir. 1999). The ADA, among other things, "make[s] it unlawful to discriminate against a qualified individual with a disability because of the disability." Scruggs v. Pulaski County, Ark., 817 F.3d 1087, 1092 (8th Cir. 2016).

In his Complaint, Plaintiff alleges that the termination of his employment was unfair. He does not allege, however, that the termination was motivated by any of the unlawful purposes proscribed by Title VII or the ADA—that is, Plaintiff does not allege that his race, religion, status as a disabled person,[1] or any other such characteristic was a motivating animus for his termination. Thus, even taking Plaintiff's allegations as true (as this Court must in reviewing the Complaint), he has not established that Defendant U.S. Steel acted in violation of federal law.

---

[1] Indeed, Plaintiff does not even allege that he is disabled for purposes of the ADA.

Plaintiff also suggests that Defendant U.S. Steel violated state law by breaching the implied covenant of good faith. (See, Compl., [Docket No. 1], at 3). There are two problems with this claim, however.

First, Plaintiff has not alleged that the Court has original jurisdiction over any state-law claims, as he does not allege that the parties are of diverse citizenship. See, 28 U.S.C. § 1332(a). The Eighth Circuit has instructed District Courts to not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims are dismissed prior to trial. See, Hervey v. County of Koochiching, 527 F.3d 711, 726–27 (8th Cir. 2008). Second, under Minnesota law, "[t]he implied covenant of good faith and fair dealing does not apply . . . to employment contracts." Minnwest Bank Central v. Flagship Properties, LLC, 689 N.W.2d 295, 303 n.5 (Minn. Ct. App. 2004) (citing Lee v. Metropolitan Airport Commission, 428 N.W.2d 815, 822 (Minn. Ct. App. 1988)). Thus, even if Plaintiff could establish the Court's subject matter jurisdiction over the state-law claim, he could not succeed in bringing the claim.

For these reasons, it is recommended that this matter be dismissed without prejudice—the federal-law claim pursuant to § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted, and the state-law claim for lack of subject matter jurisdiction.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice**; and
2. Plaintiff's application to proceed in forma pauperis, [Docket No. 2], be **DENIED**.

Dated: April 26, 2021

s/Leo I. Brisbois
Hon. Leo I. Brisbois
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See, Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).